**Tagged opinion**



**ORDERED in the Southern District of Florida on July 07, 2010.**

_____
**John K. Olson, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov**

**In re**:

Michael **Passell,**

    Debtor.
_____/

Case No.: 09-33436-JKO

Chapter 13

## ORDER REGARDING DISTRIBUTION OF VESTED PLAN PAYMENTS

The Debtor in this chapter 13 case filed his petition on October 28, 2009. His Chapter 13 plan was filed November 25, 2009 [DE 18] and a first amended plan was filed February 25, 2010 [DE 30]. The original plan proposed to pay all of his creditors in full over 60 months, and proposed making regular mortgage payments to his lender, JP Morgan Chase Bank, N.A. (the "Bank"). Plan payments were $2,878.44 in months 1 – 4 and $2,849.42 in months 5 – 60. He made the first four plan payments of $2,878.44, aggregating $11,513.76, which is held by the Chapter 13 Trustee.

As are result of the filing of increased claims, the first amended plan increased plan payments to $3,338.12 in months 1 – 4 and $3,901.25 in months 5 – 60. However, because the Debtor's income declined he was unable to bring his plan current at a time when he was $1,838.72

behind, and he was similarly unable to fund the new regular plan payments under his first amended plan. The Chapter 13 Trustee duly moved to dismiss the case on April 26, 2010. *See* [DE 42].

On May 10, 2010, the Debtor filed a second amended plan which removed his mortgage payments from the plan and provided that mortgage payments would be made outside the plan. *See* [DE 44]. The second amended plan further provides that the Debtor will seek to modify his mortgage payments through negotiation with the Bank. *See id.*

I entered the Court's standard form Order Authorizing Trustee to Disburse Pre-Confirmation Payments to Administrative, Secured and Priority Creditors on May 13, 2010. *See* [DE 48]. That Order provides in relevant part:

> If for any reason, the case is dismissed or converted to any other Chapter under Title 11, United States Code, the Chapter 13 Trustee shall disburse all pre-confirmation payments to administrative, secured and priority creditors on a pro-rata basis, in accordance with the last filed Plan, less any fees and costs the Chapter 13 Trustee is entitled to retain.

*See id.* That Order is now final.

The Debtor now indicates that he is unable to bring the second amended plan current and consents to the dismissal of the case on the Chapter 13 Trustee's motion. I shall accordingly grant that motion by separate order. The issue before me is whether the Bank is entitled to share *pro rata* in the vested funds, some $11,513.76, which are now in the Chapter 13 Trustee's possession.

Local Rule 1017-2(F)(2)(b)(ii) provides:

> . . . where the court has entered an order pre-confirmation that all pre-confirmation interim payments made to the chapter 13 trustee are vested and non-refundable if the plan is not confirmed and the case is dismissed, the pre-confirmation payments held by the trustee at the time of a dismissal shall be disbursed pro rata in accordance with the last filed plan to the lessors and secured creditors protected by § 1326(a)(1)(B) and (C), and to the other creditors and parties protected by the vesting order.

Section 1326(a)(1)(B) and (C) deal with the rights of lessors of personal property and creditors secured by personal property and are accordingly not applicable.

It is clear that "the last plan filed" by the Debtor did not include provision for payment to the Bank. The Bank argues that this omission was in some fashion slight-of-hand by the Debtor because the Bank relied upon the initial and first amended plans – both of which provided for payment to the Bank through the plan – in not seeking adequate protection, stay relief, or a vesting order. In short, the Bank argues that it was lulled into a false sense of security by the contents of the earlier plans. The Bank further argues that, as a policy matter, excluding the Bank from the *pro rata* distribution of the vested funds will open Pandora's Box and force secured creditors to act far more aggressively in Chapter 13 cases. The Bank further argues that the Debtor's conduct here has lacked the good faith necessary to confirm a Chapter 13 plan under 11 U.S.C. § 1325.

The vesting order in this case was entered after the filing of the Debtor's second amended plan, and under both the terms of the vesting order and Local Rule 1017-2(F)(2)(b)(ii), the Bank is not entitled to participate in the distribution of the vested funds. The Bank may be correct that, by including the Bank in the earlier plans, the Debtor lulled the Bank into not seeking adequate protection, stay relief, or an earlier vesting order. And the Bank may even be correct that the Debtor's actions were not in good faith and thus would bar a Chapter 13 discharge. But since the Debtor is consenting to dismissal of his case, the Debtor will not get a discharge, the Bank is obtaining the remedy which it could have obtained in a contested confirmation hearing, and issues of good faith will not come before me.

Accordingly, it is ORDERED that J.P. Morgan Chase Bank, N.A., is not entitled to a distribution of the vested funds held by the Chapter 13 Trustee upon the prospective dismissal of this case.

# # #

Copies to:     All registered interested parties.